**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HUSSEIN R. DIGGS,                  :
                                    :       Civil Action No. 12-4357 (FSH)
          Petitioner,               :
                                    :
     v.                             :       **OPINION**
                                    :
CHRISTOPHER HOLMES,                 :
*et al.*,                           :
                                    :
          Respondents.              :

**APPEARANCES:**

    **Hussein R. Diggs**, Petitioner Pro Se
    250719 / 149214C
    Southwoods State Prison
    215 Burlington Road, South
    Bridgeton, NJ 08302

**HOCHBERG**, District Judge

    This matter is before the Court on Petitioner Hussein R. Diggs's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he is challenging his 1999 New Jersey state court conviction and sentence. For reasons discussed below, it appears from review of the petition papers provided by petitioner that his § 2254 habeas petition may be subject to dismissal as time-barred under 28 U.S.C. §2244(d).[1]

---

[1] Although the statute of limitations is an affirmative defense, Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002), cert. denied, 124 S.Ct. 48 (2003), it is appropriate for a district court to raise the issue sua sponte prior to ordering an answer. The Supreme Court held that district

I.  PROCEDURAL BACKGROUND

Petitioner, Hussein R. Diggs ("Petitioner"), filed a petition for habeas corpus relief on or about July 5, 2012.[2] According to the allegations contained in his petition, Petitioner was convicted on September 21, 1999, in the Superior Court of New Jersey, Law Division, Essex County on multiple counts including murder, robbery, assault, and weapons charges. Petitioner was sentenced on September 16, 1999 to a fifty year term with twenty-five years of parole ineligibility.

Petitioner did not provide the dates as to when he filed his direct appeal from his conviction and sentence, but indicates that the Superior Court of New Jersey, Appellate Division affirmed the judgment of conviction on April 8, 2001.  Petition

---

courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition; however, the district court must accord the parties fair notice and an opportunity to present their positions on the issue of time bar if the record shows that the petition is untimely. Day v. McDonough, 547 U.S. 198, 209(2006).

[2] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court. See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition).  Often times, when the Court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition. See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition).  Here, Petitioner signed his petition on July 5, 2012.  Therefore, the Court will use the date July 5, 2012, for statute of limitation purposes, as the date this habeas action was filed, rather than the date the petition was received by the Court, which was July 12, 2012.

for certification was denied by the Supreme Court of New Jersey on September 10, 2001. Petitioner does not appear to have filed a petition for writ of certiorari with the Supreme Court of the United States. Petitioner does not state the date on which he filed his petition for post-conviction relief ("PCR"), but notes that PCR was denied on January 5, 2010. The Appellate Division affirmed the denial of PCR on September 24, 2011. As stated above, Petitioner did not submit this federal habeas petition to prison officials for mailing until on or about July 5, 2012.

## II.    STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

## III.   STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

>(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from ...
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n. 1 (3d Cir. 1999); U.S. Sup.Ct. R. 13.

The limitations period is tolled during the time a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is considered "pending" within the meaning of §

4

2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[3] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed. Swartz, 204 F.3d at 420-24. Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. Dist. Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir. 2001).

Here, according to the dates supplied by Petitioner, the judgment of conviction would have become final on or about December 9, 2001. Petitioner offered no information as to when he filed his PCR petition, only noting that it was denied on January 3, 2010, over eight years from the time that the judgment

---

[3] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar. Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

5

of conviction would have become final.  Further, Petitioner has not indicated how soon after the denial of his PCR that he filed with the Appellate Division, only noting that the Appellate Division rendered its decision on September 24, 2011.  Finally, Petitioner allowed over nine months from the Appellate Court decision until the filing of the instant Petition.  With approximately nine years of unaccounted for time, Petitioner has not shown that he is within the one-year limitations period for filing a petition pursuant to § 2254.  Petitioner has provided no reason for his apparent delay in filing this petition out of time.  As such, it would appear from the face of the petition that this habeas action is now time-barred under 28 U.S.C. § 2244(d).

Before the Court can dismiss this action as time-barred, it is appropriate that the parties be given the opportunity to address the issue of timeliness.  See Day v. McDonough, 547 U.S. 198 (2006)(district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions).

Petitioner may be able to overcome this statutory time bar if he can show that the limitations period did not expire as determined by this Court, or if he can show a basis for equitable

6

tolling.  See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005).  The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."  LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005).  Mere excusable neglect is not sufficient.  Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where:  (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v.

Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).[4] Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

Therefore, before this Court can dismiss this petition, an Order will be issued directing Petitioner to show cause why his petition should not be dismissed as time-barred.

## IV. CONCLUSION

For the foregoing reasons, because this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 may be subject to dismissal as time-barred under 28 U.S.C. § 2244(d), the Court will order Petitioner to show cause in writing why his

---

[4] The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

8

petition should not be dismissed as untimely.  An appropriate order follows.

                                                          s/ Faith S. Hochberg
                                                          Faith S. Hochberg
                                                          United States District Judge

DATED: August 28, 2012