NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HUSSEIN R. DIGGS, :
: Civil Action No. 12-4357 (FSH)
    Petitioner, :
:
v. : **OPINION**
:
CHRISTOPHER HOLMES, :
*et al.*,
:
    Respondents.

**APPEARANCES**:

    Hussein R. Diggs, Petitioner <u>Pro</u> <u>Se</u>
    250719 / 149214C
    Southwoods State Prison
    215 Burlington Road, South
    Bridgeton, NJ 08302

    Stephen A. Pogany
    Essex County Prosecutor's Office
    50 West Market Street
    Newark, NJ 07102

**HOCHBERG**, District Judge

    Hussein R. Diggs ("Petitioner"), a prisoner currently confined at Southwoods State Prison, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are Christopher Holmes and Jeffrey Chiesa, Esq.

    For the reasons stated herein, the Petition will be dismissed as time-barred.

I.  BACKGROUND

Petitioner, Hussein R. Diggs ("Petitioner"), filed a petition for habeas corpus relief on or about July 5, 2012.[1] According to the allegations contained in his petition, Petitioner was convicted on September 21, 1999, in the Superior Court of New Jersey, Law Division, Essex County on multiple counts including murder, robbery, assault, and weapons charges. Petitioner was sentenced on September 16, 1999 to a fifty year term with twenty-five years of parole ineligibility.

Petitioner did not provide the dates as to when he filed his direct appeal from his conviction and sentence, but indicated that the Superior Court of New Jersey, Appellate Division affirmed the judgment of conviction on April 8, 2001. Petition for certification was denied by the Supreme Court of New Jersey on September 10, 2001. In addition, Petitioner did not appear to

---

[1] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court. See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition). Often times, when the Court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition. See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition). Here, Petitioner signed his petition on July 5, 2012. Therefore, the Court will use the date July 5, 2012, for statute of limitation purposes, as the date this habeas action was filed, rather than the date the petition was received by the Court, which was July 12, 2012.

2

have filed a petition for writ of certiorari with the Supreme Court of the United States. Petitioner did not state the date on which he filed his petition for post-conviction relief ("PCR"), but noted that PCR was denied on January 5, 2010. The Appellate Division affirmed the denial of PCR on September 24, 2011. As stated above, Petitioner did not submit this federal habeas petition to prison officials for mailing until on or about July 5, 2012.

Given the inadequate recitation of dates provided in the Petition, this Court instructed Petitioner to show cause as to why the Petition should not be dismissed as time-barred. Petitioner responded citing "numerous problems" that he experienced with regard to the Essex County Criminal Records department. (Docket entry 6, page 2.) Petitioner stated that he was re-sentenced on July 23, 2003. (Id.) Notably, while reciting the relevant dates in his response, Petitioner refrained from stating the date on which he filed for PCR. (See id.) Petitioner states that he filed Notice of Appeal on August 31, 2010. (Id.) Petitioner further stated that he showed good faith and "extreme due diligence" in pursuing his state court remedies. (Id., page 4.) Accordingly, construing Petitioner's filing liberally, see Leamer v. Fauver, 288 F.3d 532, 547 (3d Cir. 2002), Respondents were instructed to file an answer limited to the issue of timeliness of the Petition.

In their answer, Respondents assert that the Petition is, in fact, time-barred. Respondents list the relevant dates and provide supporting exhibits in their Answer, arguing that Petitioner accrued over 1000 days of time, well exceeding the one-year statutory limitations period. (See Answer, docket entry 12.) Specifically, after the denial of Petitioner's petition for certification on his direct appeal and the 90 day grace period, Petitioner would have had until on or about October 23, 2003 to file his PCR petition, but he did not file for PCR until April 11, 2006. (Id., page 4.) Petitioner further expended time while pursuing his claims before the Appellate Division and the New Jersey Supreme Court, accruing 195 days of lapsed time before filing his notice of appeal. Taking into account the 45 days in which to appeal, Petitioner did not file his notice until August 31, 2010 even though the Appellate Division had issued its opinion on January 5, 2010. (Id., page 4-5.) Finally, the instant Petition was not filed for over two months after the New Jersey Supreme Court denied certification, adding an additional 69 days to the accrual of time accumulating beyond the one-year statute of limitations time period. (Id., page 7.) Petitioner did not file a reply to this answer.

## II. STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429

U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Leamer v. Fauver, 288 F.3d 532, 547 (3d Cir. 2002) (courts must construe pro se complaints liberally); Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

III. STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from ...
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by

the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n. 1 (3d Cir. 1999); U.S. Sup.Ct. R. 13.

The limitations period is tolled during the time a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed. Swartz, 204 F.3d at 420-24. Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. Dist. Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir. 2001).

While a petitioner may be able to overcome this statutory time bar if he or she can show that the limitations period did not expire as determined by this Court, or if he or she can show

6

a basis for equitable tolling, see Ross v. Verano, 712 F.3d 784, 798 (3d Cir. 2013); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998), Petitioner here has not made such a showing. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005). The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005). Mere excusable neglect is not sufficient. Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v.

7

Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).[2] Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

This Court agrees with Respondents and holds that the Petition is out of time. Petitioner was re-sentenced on July 3, 2003 yet did not file for PCR until April 11, 2006.[3] That gap in time alone is enough to render the instant petition out of time pursuant to the one year time limitation of AEDPA.[4] Petitioner

---

[2] The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not extraordinary circumstances that establish equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244. Only egregious attorney neglect may suffice. Ross, 712 F.3d at 800.

[3] Petitioner included exhibits (see docket entry no. 6) to suggest that he attempted to file for PCR earlier, those exhibits consist of an initial letter sent on Diggs' behalf to the Criminal Records Manager on August 21, 2003 and a follow up letter which was not sent until over two years later on September 1, 2005. Given the two year gap, it does not appear Petitioner exercised reasonable diligence in pursuing the filing of PCR.

[4] It appears that the PCR court allowed Petitioner to file his PCR petition after the filing deadline had expired. Courts

accrued additional lapses in time between filings. PCR was denied on January 5, 2010 yet Petitioner did not file his appeal of that ruling until August 31, 2010.[5] The Appellate Division affirmed on November 23, 2011 and certification was denied on April 9, 2012. Petitioner did not provide dates of filing those appeals, but at a minimum he allowed a further 57 days to pass.

Further, Petitioner has not shown that he exercised reasonable diligence in light of any extraordinary circumstances such that equitable tolling could be granted to excuse the many years of time that elapsed during Petitioner's pursuit of state court remedies. See McQuiggin v. Perkins, 133 S.Ct. 1924, 1931 (2013)(holding that six years delay fell "far short of demonstrating the ... diligence" required to establish equitable tolling)(quoting Holland v. Florida, 560 U.S. –, 130 S.Ct. 1924, 2562)(2010)). Stating that he had issues with receiving records and was "left out of the loop" does not rise to the level of

---

in this district have held that where "a state court grants leave to pursue late appeal, the proper period of time to exclude from § 2244(d) limitations period is 'all time between the filing of the request to excuse the default and the state court's decision on the merits (if it elects to excuse the default)'." St.Fleur v. Ricci, 2012 WL 194345 *7 (D.N.J. Jan.17,2012)(citing Fernandez v. Sternes, 227 F.3d 977 (7th Cir. 2000)); see also Clark v. Ricci, 2009 WL 2778444 (D.N.J. Aug.27, 2009). This Court will rule in keeping with these decisions, and will not extend tolling just because Petitioner's out-of-time PCR filing was ruled upon on the merits in state court.

[5]Respondents calculate correctly that, allowing for the 45 days in which to appeal, petitioner allowed an additional 195 days to elapse. (Answer, docket entry 12, page 5.)

extraordinary circumstances. Thus, Petitioner has shown no basis for equitable tolling. Accordingly, the petition is time-barred and shall be dismissed.

## IV. CERTIFICATE OF APPEALABILITY

The Court, next, must determine whether a certificate of appealability should issue. See Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id. For the reasons discussed above, this § 2254 habeas petition is time-barred. The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion. Consequently, a certificate of appealability will not be issued.

10

V. <u>CONCLUSION</u>

For the reasons set forth above, the Petition must be dismissed. An appropriate order follows.

<u>s/ Faith S. Hochberg</u><br>
Faith S. Hochberg<br>
United States District Judge

Dated: June 27, 2013